CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED
February 17, 2026
LAURA A. AUSTIN, CLERK
BY: s/J.Vasquez
      DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| Laura Kornylak, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 7:25-cv-000195 |
| ) | |
| Property Manager Mosley *et al.*, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Laura Kornylak., a former Virginia inmate proceeding *pro se*, filed this action pursuant to 42 U.S.C. § 1983, claiming that Defendants Property Manager Mosley, C/O Thomas, Thomas, and Swann impeded her access to the court system. This matter comes before the court on Defendants Thomas and Swann and Defendant Property Manager Mosley's motions to dismiss, (Dkts. 19, 34), asserting that Kornylak's claims are barred by the applicable statute of limitations. For the reasons that follow, the court will grant the Defendants' motions.

### I.   Factual and Procedural History

Kornylak mailed the complaint to the court in which this action was originally filed[1] on January 2, 2025. (Dkt. 1 at 18.) Kornylak's complaint asserts that Defendants took various actions which had the effect of preventing her from filing a habeas corpus petition in

---

[1] The action was initially filed in the United States District Court for the Eastern District of Virginia, but it was transferred to this court on March 19, 2025. (Dkt. 4.)

December 2021.  (*Id.* at 7–10.)   Kornylak identifies the deadline for filing the habeas petition as December 10, 2021.  (*Id.* at 8.)

## II.    Standard of Review

"[T]he purpose of Rule 12(b)(6) is to test the legal sufficiency of the complaint." *Randall v. United States*, 30 F.3d 518, 522 (4th Cir. 1994).  Generally, a Rule 12(b)(6) motion to dismiss "cannot reach the merits of an affirmative defense, such as the defense that the plaintiff's claim is time-barred."  *Goodman v. Praxair, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007). However, a court may determine the merits of a statute of limitations defense raised in a motion under Rule 12(b)(6) if "all facts necessary to the affirmative defense clearly appear on the face of the complaint." *Id.* (cleaned up); *see also United States v. Kivanc*, 714 F.3d 782, 789 (4th Cir. 2013) ("The statute of limitations is an affirmative defense that may be raised in a Rule 12(b)(6) motion to dismiss for failure to state a claim."); *Dean v. Pilgrim's Pride Corp.*, 395 F.3d 471, 474 (4th Cir. 2005).

## III.    Analysis

All served Defendants ask for dismissal on the basis that Kornylak filed her claim too late.[2]  (*See* Dkts. 20, 35.)  Section 1983 does not itself contain an express statute of limitations. Instead, a federal court considering such a claim must apply the forum state's most similar statute of limitations period.  *Wilson v. Garcia*, 471 U.S. 261, 266–75 (1985).  In Virginia, the personal injury statute of limitations is two years under Va. Code Ann. § 8.01-243(A). Therefore, Kornylak's claim must have been asserted within two years of its accrual; otherwise, it is time-barred, meaning the claim must be dismissed irrespective of the merits of the claim.

---

[2] Swann and Thomas assert other grounds as well, which the court does not reach.

*See Lewis v. Richmond City Police Dep't*, 947 F.2d 733, 736 (4th Cir. 1991). Although "the limitation period is borrowed from state law, the question of when a cause of action accrues under 42 U.S.C. § 1983 remains one of federal law." *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951, 955 (4th Cir. 1995); *see also Wallace v. Kato*, 549 U.S. 384, 389 (2007) (holding "the accrual date of a § 1983 cause of action is a question of federal law that is *not* resolved by reference to state law"). "Under federal law a cause of action accrues when the plaintiff possesses sufficient facts about the harm done to him that reasonable inquiry will reveal his cause of action." *Nasim*, 64 F.3d at 955; *see also D.A. Realestate Investment*, No. 2:21-cv-00653, 2023 WL 2637382, at *4 (E.D. Va. Mar. 23, 2023) ("'[A] § 1983 claim accrues 'when the plaintiff knows or has reason to know of his injury.'" (quoting *Owens v. Baltimore City State's Att'ys Off.*, 767 F.3d 379, 389 (4th Cir. 2014))).

At the latest, Kornylak would have been aware of her cause of action and thus its accrual in January 2022, when she alleges that she received a postage receipt showing that funds for mailing her legal documents had not been removed from her prison account. (Dkt. 1 at 10.) Nonetheless, she did not mail the complaint for filing until three years later on January 2, 2025—well past the expiration of the two-year limitations period. (*Id.* at 18.) Therefore, Kornylak's claims against Defendants are time-barred unless some exception or extension applies. Kornylak's complaint does not invoke tolling, identify any facts that relate to tolling other than general difficulties of being housed in a restrictive prison with limited access to a law library and restrictions on property and papers, (*see* Dkt. 1-1), or provide any explanation as to why the complaint was filed a year late.

When opposing the motions to dismiss, Kornylak asserts for the first time that her time to file should be extended under a theory of equitable tolling for a variety of reasons. (*See* Dkt. 25-1.) Just as with the borrowing of state law for purposes of identifying the applicable limitations period, so too must the court borrow Virginia's provisions on tolling. *See Chardon v. Fumero Soto*, 462 U.S. 650, 657 (1983) (rejecting federal displacement of state law on tolling, and explaining that "[b]ecause the chronological length of the limitation period is interrelated with provisions regarding tolling, [the court] reasoned that the practice of borrowing state statutes of limitations logically include[s] rules of tolling and that "no federal policy—deterrence, compensation, uniformity, or federalism—was offended by the application of state tolling rules" (cleaned up)); *see also Wallace*, 549 U.S. at 394 (noting that courts "have generally referred to state law for tolling rules"); *Wade v. Danek Med., Inc.*, 182 F.3d 281, 286–90 (4th Cir. 1999) (applying Virginia's rule against equitable tolling, rather than the federal rule). The Fourth Circuit has instructed that a "state's limitations and tolling rules are to be followed unless doing so 'defeat[s] either § 1983's chief goals of compensation and deterrence or its subsidiary goals of uniformity and federalism.'" *Battle v. Ledford*, 912 F.3d 708, 713 (4th Cir. 2019) (quoting *Hardin v. Straub*, 490 U.S. 536, 539 (1989)).

Virginia law does provide for certain statutory bases for tolling. Va. Code Ann. § 8.01-229 (enumerating unrelated bases for tolling). Only two of the statute's bases for tolling could be implicated here: incapacity under § 8.01-229(A)(2)(b) and filing other litigation under § 8.01-229(E)(1).

As to incapacity, the Virginia statute provides:

> If a person entitled to bring such action becomes incapacitated, the time during which he is incapacitated shall not be computed as any part of the period within

-4-

> which the action must be brought, except where a conservator, guardian or committee is appointed for such person in which case an action may be commenced by such conservator, committee or guardian before the expiration of the applicable period of limitation or within one year after his qualification as such, whichever occurs later.
> For the purposes of subdivisions 1 and 2, a person shall be deemed incapacitated if he is so adjudged by a court of competent jurisdiction, or if it shall otherwise appear to the court or jury determining the issue that such person is or was incapacitated within the prescribed limitation period.

Va. Code Ann. § 8.01-229(A)(2)(b). "In the absence of a definition of incapacity in Virginia Code Annotated § 8.01-229, state and federal courts in Virginia have looked to the Code chapter which defines the criteria for appointment of a committee or trustee." *Adams v. Moore*, No. 7:21-cv-00392, 2024 WL 1120119, at *4 (W.D. Va. Mar. 14, 2024); *see also Calvert v. State Farm Fire & Cas. Co.*, No. 5:12-cv-00017, 2012 WL 2804838, at *9 (W.D. Va. July 10, 2012) (applying former statutory definition of incapacity to assess claim of entitlement to tolling). The Virginia statute defines "incapacitated person" as:

> [A]n adult who has been found by a court to be incapable of receiving and evaluating information effectively or responding to people, events, or environments to such an extent that the individual lacks the capacity to (i) meet the essential requirements for his health, care, safety, or therapeutic needs without the assistance or protection of a guardian or (ii) manage property or financial affairs or provide for his or her support . . . without the assistance or protection of a conservator.

Va. Code Ann. § 64.2-2000.

Kornylak here does not claim incapacity *per se*. She does not claim that she has been found incapacitated by a court. Instead, she states that she "is A.D.A. mentally disabled and suffers from frequent periods of mania where she is not grounded in reality." (Dkt. 25-1 at 2.) Even if she has such issues (none have been substantiated), she has not asserted that she, at any point, has been unable to provide for her care, been incapable of receiving or evaluating

information, or been incapable of managing her property or financial affairs.  Thus, she has not met Virginia's standard for showing incapacity severe enough to warrant tolling.  In fact, her own complaint belies that level of impairment and states that she was able to file other actions in the period between accrual of her legal access claim in January 2022 and her filing of that claim in January 2025.  (Dkt. 1 at 15–16 (listing four other actions she filed in 2023).)[3]  Kornylak bears the burden of establishing that she was unable to timely file this action, *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005), and she has not met that burden here with regard to her alleged mental issues.

As to the filing of other litigation (the other basis for tolling mentioned by Kornylak that is a potential Virginia-recognized statutory basis for tolling), Virginia Code § 8.01-229 provides:

> Except as provided in subdivision 3, if any action is commenced within the prescribed limitation period and for any cause abates or is dismissed without determining the merits, the time such action is pending shall not be computed as part of the period within which such action may be brought, and another action may be brought within the remaining period.

Va. Code Ann. § 8.01-229(E)(1).

Kornylak claims that she filed a suit in Florida that asserts the same claims as in this case.  (Dkt. 1 at 15 (listing a case and appeal in response to question asking if she had filed other lawsuits "dealing with the same facts or issue involved in this case").)  Thus, assuming that the filing of an action outside of Virginia provides a basis for tolling in Virginia, the court

---

[3] The court recognizes that the Fourth Circuit did not find a habeas petitioner's other litigation activity during the period of claimed impairment a determinative factor in *Justus v. Clarke*, 78 F.4th 97, 116 (4th Cir. 2022) (applying federal test of "extraordinary circumstances" for tolling).  But the Fourth Circuit was not applying Virginia law to the federal claim asserted, and the petitioner's claimed level of incapacity there was much greater than that claimed here.

reviewed the public record [4] of the complaint filed in the litigation cited (available at https://www.civitekflorida.com/ocrs/app/caseinformation).  Compl., Dkt. 3, Case No. 23CA002796 in Marion County Circuit Court.  It asserts an extensive list of grievances about incarceration and challenges to her conviction.  There is one reference in the complaint on its eleventh page that could relate to the facts underlying this action.  Kornylak there states that "habeas corpus purpos[e]ly not mailed and placed in the property room."  *Id.*  The complaint did not specify any particular cause of action, however, or any basis for relief, and the only named Defendant was the Virginia Department of Corrections.  There is no mention of any individual associated with the allegation that the petition was not mailed.

The Virginia Supreme Court has ruled that, "[f]or the filing of an action to toll the statute of limitations from running on a subsequently filed action pursuant to Code § 8.01–229(E)(1), there must be identity of the parties in the two lawsuits."  *Casey v. Merck & Co.*, 722 S.E.2d 842, 846 (Va. 2012).  Additionally, there must be identity of the causes of action asserted.  *Id.* at 845 ("[F]or tolling to be permitted, the subsequently filed action must be filed by the same party in interest on the same cause of action in the same right.").  These qualifications are not met in this case, so accordingly, this statutory tolling provision is not implicated.

---

[4] The court may consider this document without converting the motion to dismiss to a motion for summary judgment. *Witthohn v. Fed. Ins. Co.*, 164 F. App'x 395, 396 (4th Cir. 2006) (noting that "a court may consider official public records, documents central to plaintiff's claim, and documents sufficiently referred to in the complaint so long as the authenticity of these documents is not disputed").

In sum, none of Virginia's statutory grounds provide a basis for extending Kornylak's time to file. Therefore, the court next considers whether any other basis exists to extend the limitations period. The Fourth Circuit has held that, "[u]nder Virginia law, equitable estoppel provides the only arguable exception to the Commonwealth's general rule against 'recogniz[ing] any non-statutory basis for tolling' limitations." *Battle*, 912 F.3d at 714 (quoting *City of Bedford v. James Leffel & Co.*, 558 F.2d 216, 217 (4th Cir. 1977), then citing *Casey v. Merck & Co.*, 722 S.E.2d 842, 845 (Va. 2012)). "To invoke equitable estoppel under Virginia law, a plaintiff must prove, *inter alia*, that the party claiming estoppel was misled to his injury by the defendant in a way that prevented timely filing." *Battle*, 912 F.3d at 714 (quoting *Boykins Narrow Fabrics Corp. v. Weldon Roofing & Sheet Metal, Inc.*, 266 S.E.2d 887, 890 (Va. 1980)) (cleaned up). Kornylak does not allege any facts that would support this possible exception that would arise under Virginia law.

Next, Kornylak invokes equitable tolling in connection with her exhaustion of administrative grievances, a pre-requisite for filing a § 1983 claim under the Prison Litigation Reform Act (PLRA). She claims equitable tolling for the period of time that her administrative grievances were pending. (Dkt. 25-1 at 1.) She states that the grievance process was not concluded until April 2022 "which account[s] for two months." (*Id.*) Defendant Mosley did not oppose the tolling for exhaustion to comply with the requirements of the Prison Litigation Reform Act. (Dkt. 35 at 4.) The *Battle* case held that tolling for the period of time that an inmate is pursuing the required administrative exhaustion is required because refusing to toll for mandated exhaustion would be inconsistent with federal law and policy. *Battle*, 912 F.3d

at 715–17.  But this tolling would only extend the period for a few months—still not enough to get Kornylak beyond the one-year mark of the late filing period.

Kornylak cites other reasons, all related to her incarceration, to excuse the late filing. She cites her transfer from Virginia to Florida on September 22, 2022, and states that she did not receive her legal papers until December 2022.  (Dkt. 25-1 at 1.)  But she offers no reason why she could not file before or after that time, or why she could not recreate the simple complaint without her legal papers.  Even tolling the limitations period for those months between September and December 2022 would not extend Kornylak's filing time enough to make her submission timely.

Next, Kornylak complains that her placement into supermax confinement in Florida—which ended on October 10, 2024—resulted in a lack of access to legal materials and her papers.  (*Id.* at 2.)  Virginia law does not provide any basis for tolling as a result of incarceration or the conditions of incarceration.  Nor does federal law provide a foothold, for "even in the case of an unrepresented prisoner, ignorance of the law is not a basis for equitable tolling." *United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004); *Cross-Bey v. Gammon,* 322 F.3d 1012, 1015 (8th Cir. 2003) ("[E]ven in the case of an unrepresented prisoner alleging a lack of legal knowledge or legal resources, equitable tolling has not been warranted." (cleaned up)); *United States v. Riggs,* 314 F.3d 796, 799 (5th Cir. 2002) ("[A] petitioner's *own* ignorance or mistake does not warrant equitable tolling . . . ."); *Delaney v. Matesanz,* 264 F.3d 7, 15 (1st Cir. 2001) (rejecting the argument that "because he was a pro se prisoner, ignorant of the applicable law, the lower court should have tolled the limitation period"); *Marsh v. Soares,* 223 F.3d 1217, 1220 (10th Cir. 2000) (same)).  Additionally, as stated above, her confinement and the resulting

conditions did not foreclose her ability to litigate generally, as she filed numerous other actions in the time period relevant here.

In sum, most of the reasons offered by Kornylak for her late filing do not provide a valid basis for tolling, and any tolling for exhaustion would be too short to excuse her one-year delay in filing.

## IV. Conclusion and Order

For the reasons stated above, the court **GRANTS** Defendants' motions to dismiss. (Dkts. 19, 34.) The court's holding that Kornylak's claims are barred by the statute of limitations applies to unserved and unidentified Defendant C/O Thomas as well. Accordingly, the claims against the additional Defendant C/O Thomas are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1) (providing for same bases for dismissal).

Kornylak's "Counter Motion to Set a Trial Date," (Dkt. 38), is **DENIED** as moot, and the court declines to transfer Kornylak as she requested, (*id.* at 1).

The Clerk is **DIRECTED** to provide a copy of this Memorandum Opinion and Order to Kornylak.

**IT IS SO ORDERED**.

**ENTERED** this 17th day of February, 2026.

_____
HON. JASMINE H. YOON
UNITED STATES DISTRICT JUDGE